IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAFTA TRADERS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-00915-N |
| | § | |
| ADIDAS AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant adidas America, Inc.'s ("adidas") motion for judgment on the pleadings [69]. For the reasons below, the Court grants in part and denies in part the motion.

### I. THE CONTRACT DISPUTE

This action is the first of two pending lawsuits before this Court related to a contract (the "Agreement") for the sale of sports merchandise between adidas and Plaintiff Nafta Traders, Inc. ("Nafta").[1]  adidas, a creator and seller of sports merchandise, contracted to sell certain used, defective, and low-inventory goods to Nafta at a discount. Under the Agreement, Nafta would then sell those goods under restrictions on how and where the goods would be sold.

In April 2019, Nafta filed this lawsuit for breach of contract and declaratory relief alleging adidas breached the Agreement by failing to deliver merchandise and violating

---

[1] The second of the two cases is *Adidas America, Inc. v. Shoebacca Ltd.*, No. 3:20-CV-03248-N (N.D. Tex. filed Oct. 26, 2020).

ORDER – PAGE 1

various contractual provisions.  Nafta also brought a claim for breach of the duty of good faith and fair dealing based on allegations that adidas's inventory and record-keeping practices interfered with Nafta's expectations under the Agreement.  adidas now moves for judgment on the pleadings seeking partial dismissal of Nafta's claims for breach of good faith and declaratory relief.

## II. LEGAL STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS

Any party may move for judgment on the pleadings after the pleadings are closed, as long as the motion does not delay trial.  FED. R. CIV. P. 12(c).  A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam).  When ruling on a Rule 12(c) motion for judgment on the pleadings, the Court applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted).

When deciding a Rule 12(b)(6) motion to dismiss or Rule 12(c) motion for judgment on the pleadings, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  To survive the motion, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 427 (5th Cir. 2020) (quoting *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017)).  To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content

ORDER – PAGE 2

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### III. THE COURT DENIES THE MOTION TO DISMISS NAFTA'S CLAIMS FOR BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

adidas first argues that a subset of Nafta's breach of duty of good faith and fair dealing allegations fail to state a claim. The Court analyzes Nafta's claims under Oregon state law by choice of the parties in the agreement. Def.'s App. 49 [71] (choice of law clause).[2] For the reasons below, the Court denies the motion as to Nafta's claim for breach of the duty of good faith and fair dealing.

---

[2] At the Rule 12(b)(6) or Rule 12(c) stage, the Court may consider documents that are "incorporated into the complaint by reference." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)). Because the Agreement (attached to adidas's motion) is repeatedly referenced in Nafta's complaint, the Court may properly consider the document when ruling on this motion for judgment on the pleadings.

ORDER – PAGE 3

### A. *The Duty of Good Faith and Fair Dealing Under Oregon Law*

Under Oregon law, every contract imposes an implied duty of good faith and fair dealing on each party to the contract. *Best v. U.S. Nat'l Bank of Or.*, 739 P.2d 554, 557 (Or. 1987). This duty serves to "effectuate the reasonable contractual expectations of the parties" by prohibiting "improper behavior in the performance and enforcement of contracts." *Id.* at 557–58. There is no comprehensive definition of good faith, and the duty imposed on the parties to a contract depends on the circumstances. *See id.* A party can violate the duty of good faith and fair dealing without committing a breach of contract. *Elizabeth Retail Props. LLC v. KeyBank Nat'l Ass'n*, 83 F. Supp. 3d 972, 990 (D. Or. 2015). Because the duty of good faith exists to effectuate contractual expectations, there is an implied duty "only if the parties have not agreed to an express term that governs the issue." *Robinson v. Charter Pracs. Int'l*, 2015 WL 1799833, at *13 (D. Or. 2015) (quoting *Gibson v. Douglas Cnty.*, 106 P.3d 151, 158 (Or. Ct. App. 2005)). Thus, the implied duty "cannot contradict an express contract term, nor otherwise provide a remedy for an unpleasantly motivated act that is expressly permitted by the contract." *Zygar v. Johnson*, 10 P.3d 326, 330 (Or. Ct. App. 2000), *rev. denied*, 19 P.3d 356 (Or. 2001).

### B. *Nafta Has Stated a Claim for Breach of the Duty of Good Faith and Fair Dealing*

adidas asks the Court to divide Nafta's claim for breach of duty of good faith and fair dealing into weaker subparts and dismiss only portions of the claim. However, the Court declines to parse Nafta's well-pleaded facts for a single cause of action in this way. As explained below, the complaint alleges adidas engaged in a pattern of specific conduct designed to evade the responsibilities and restrictions set by the Agreement. Considering

ORDER – PAGE 4

the complaint's breach of good faith allegations in their entirety, the Court holds that Nafta has pled sufficient facts to state a claim.

According to the complaint, adidas systematically sought to reduce its obligations to provide merchandise to Nafta and avoided generating or retaining records evidencing its behavior. The complaint lays out a pattern of factual allegations that, taken as true, state a plausible claim that adidas is liable for evading the spirit of the bargain. For example, Nafta alleges that adidas (1) failed to implement procedures that would identify merchandise that became subject to the Agreement; (2) ignored that merchandise became subject to the Agreement and sold it to unpermitted purchasers; (3) failed to maintain specific records necessary for the performance and enforcement of the Agreement; and (4) unilaterally changed its classification procedures to reduce the quantity of merchandise subject to the Agreement. Pl.'s Third Am. Compl. ¶¶ 95–105 [41].

Nafta also alleges these actions interfered with its expectations regarding both the quantity of merchandise Nafta received and Nafta's ability to enforce the Agreement (including proving damages). *Id.* ¶¶ 101–03. Accordingly, these allegations are sufficient to raise a right to relief above the speculative level, and the Court denies the motion for judgment on the pleadings as to Nafta's claim for breach of duty of good faith and fair dealing.

### IV. THE COURT DISMISSES NAFTA'S DECLARATORY JUDGMENT CLAIMS

Next, adidas argues that two subsets of Nafta's declaratory judgment claims should be dismissed on the grounds that they are duplicative of Nafta's breach of contract claims

ORDER – PAGE 5

and nonjusticiable, respectively. For the reasons below, the Court dismisses all Nafta's declaratory judgment claims.

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201 (emphasis added). A district court has broad discretion in determining whether to hear a declaratory judgment claim. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995).

Here, adidas first argues that some of Nafta's declaratory judgment claims should be dismissed because they are duplicative of the corresponding breach of contract claims. The Court agrees. Dismissal of these claims is appropriate because they add nothing to the lawsuit. *See Cypress/Spanish Fort I, L.P. v. Prof'l Serv. Indus., Inc.*, 814 F. Supp. 2d 698, 709–10 (N.D. Tex. 2011) (citing *Madry v. Fina Oil & Chem. Co.*, 1994 WL 733494, at *2 (5th Cir. 1994) (unpub.)). Resolution of the breach of contract claims will necessarily resolve these declaratory judgment claims. *Compare* Pl.'s Third Am. Compl. ¶¶ 48–95, *with id.* ¶¶ 38(g)–(l). Additionally, in its brief, Nafta did not respond to adidas's arguments regarding these claims. For these reasons, the Court exercises its discretion and dismisses Nafta's claims seeking a declaratory judgment that adidas breached the Agreement.

Second, adidas requests dismissal of the declarations sought in subparagraphs 38(a) through (d) on the grounds that there is no justiciable controversy. The relevant parts of the complaint seek declarations outlining the parties' obligations and rights under the Agreement during the now-expired "Initial Term." Pl.'s Third Am. Compl. ¶¶ 38(a)–(d);

*see id.* ¶ 8 ("The Initial Term of the Agreement ran through December 31, 2018."). Nafta responds by arguing a declaration of rights and obligations during the Initial Term remains necessary to determine the rights and obligation during the Right of First Refusal Term. *See* Pl.'s Resp. Br. 19–20 [72]. But the Agreement expired in its entirety during the pendency of this motion. *See id.* ("Nafta's claims . . . seek declarations relating to the parties' continuing rights and obligations under the Agreement, which remains in effect and executory through December 31, 2021."). Because a declaratory judgment would serve no purpose in deciding the existing rights or obligations of the parties under the Agreement, the Court dismisses these declaratory judgment claims.

Finally, the Court *sua sponte* dismisses Nafta's final declaratory judgment claims in paragraphs 38(e) and (f) of the complaint for the same reasons. These claims seek a declaration of adidas's obligations and Nafta's rights under the Agreement during the Right of First Refusal Term. Pl.'s Third Am. Compl. ¶¶ 38(e)–(f). A declaratory judgment would not clarify any existing rights or obligations of the parties because the Agreement has expired. For the reasons above, the Court dismisses Nafta's declaratory judgment claims.

### CONCLUSION

Because Nafta has successfully pled a claim for breach of duty of good faith and fair dealing, the Court denies the motion for judgment on the pleadings as to that claim. However, because a declaratory judgment would add nothing to this lawsuit, the Court grants the motion in part and dismisses all Nafta's declaratory judgment claims.

Signed March 25, 2022.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 8